Submitted on the record September 18, ballot title referred to Attorney General for modification October 19, ballot title certified as modified November 3, 2006 (341 Or 654)

Arthur TOWERS,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S53873)

145 P3d 147

Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter, PC, Portland, filed the petition and the reply for petitioner.

Steven R. Powers, Assistant Attorney General, Salem, filed the answering memorandum for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before De Muniz, Chief Justice, and Carson, Gillette, Durham, Balmer and Kistler, Justices.*

CARSON, J.

* Riggs, J., retired September 30, 2006, and did not participate in the consideration or decision of this case. Walters, J., did not participate in the consideration or decision of this case.

## CARSON, J.

This ballot title review proceeding, brought under ORS 250.085(2), concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 28 (2008). Initiative Petition 28 proposes an addition to the Oregon Revised Statutes which, if adopted, would restrict the time period within which certain procedural challenges to initiated measures could be brought. Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and, therefore, is entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035. ORS 250.085(5). For the reasons that follow, we conclude that it does not, and we refer the ballot title to the Attorney General for modification.

The proposed measure is set out in its entirety in the Appendix, and we briefly describe its substantive provisions here. If adopted, the proposed measure would require that all legal challenges to initiative measures asserting that a measure violates a "procedural requirement" of the Oregon Constitution be brought within "60 days after the date the Secretary of State approve[s] the petition for circulation." "Procedural" challenges not raised within that time period would be prohibited. The proposed measure further provides that

" 'procedural requirements' shall include but not be limited to the single subject requirement, the separate vote requirement, the full text requirement, and the requirement that only the State Legislative Assembly may propose a revision of the Oregon Constitution."[1]

---

[1] Those "procedural requirements" can be found in the following provisions of the Oregon Constitution: Article IV, section 1(2)(d) (single-subject requirement and full-text requirement), Article XVII, section 1 (separate-vote requirement), and Article XVII, section 2(1) (only Legislative Assembly may propose revision of Oregon Constitution).

Additionally, the proposed measure would require that those procedural challenges be filed directly with this court and would establish a 90-day time period within which this court would be required to render its decision. If that time period passes without a decision respecting the procedural challenges raised, then those challenges would be deemed denied. Finally, the proposed measure would limit the effect that a procedural challenge could have. Specifically, the proposed measure provides that

"[a] challenge regarding the sufficiency or accuracy of * * * a measure's ballot title, ballot description, or official explanatory statement shall not be grounds for: (i) voiding signatures collected on the initiative petition, (ii) delaying or not canvassing the votes cast for or against the measure, or (iii) nullifying the passage of the measure."

The Attorney General certified the following ballot title for Initiative Petition 28:

"ELIMINATES POST-ELECTION CHALLENGES TO INITIATIVE'S LAWFUL PLACEMENT ON BALLOT; PROVIDES DIRECT, EXPEDITED SUPREME COURT REVIEW

"RESULT OF 'YES' VOTE: 'Yes' vote eliminates all post-election legal challenges to an initiative's lawful placement on ballot; provides direct, expedited Supreme Court review; sets timelines for pre-election challenges.

"RESULT OF 'NO' VOTE: 'No' vote retains current law allowing legal challenges both before and after an election on whether an initiative meets certain requirements for placement on ballot.

"SUMMARY: Under current law, lawsuits claiming that ballot measures fail to meet certain legal requirements in the Oregon Constitution for placement on ballot must be filed in circuit court within 60 days of time that Secretary of State approves the measure for circulation; challenges may also be filed after a measure passes under certain circumstances. Measure requires specified challenges to be filed within 60 days of date that Secretary of State approves the measure for circulation; eliminates specified post-election challenges. Measure requires legal challenges be filed directly with Oregon Supreme Court; challenge is deemed

denied if not decided within 90 days of filing. Further judicial review is not allowed. Filing of such challenge would not delay approval of challenged measure to circulate for signatures. Other provisions."

Petitioner challenges the caption and the "yes" vote result statement. Petitioner's primary argument is that the phrase "lawful placement on ballot," which appears in both the caption and the "yes" vote result statement, is misleading. Petitioner also asserts that the caption and "yes" vote result statement exceed the applicable, statutorily established word limits because the Attorney General counted "hyphenated phrases" as one word, contrary to "the Attorney General's own internal policies and standards." For the reasons that follow, we agree with petitioner's first argument and decline to consider his second argument.

We begin by explaining our reasons for declining to consider petitioner's second argument. As noted, petitioner claims that the caption and "yes" vote result statement exceed their statutory word limits because "hyphenated phrases" used in those parts of the ballot title should be counted as two separate words. Assuming, but in no way deciding, that "hyphenated phrases" should be counted as two words, both the draft and certified ballot titles would fail to meet their statutory word limits. However, petitioner's written comments to the Secretary of State concerning the Attorney General's draft ballot title failed to raise any word count objection to the caption and "yes" vote result statement; petitioner raised that argument for the first time in his petition for review. By failing to raise his word count objection in his written comments to the Secretary of State, petitioner did not preserve that argument, and we decline to consider it.[2] *See* ORS 250.085(6) (failure to raise claim in written comments to Secretary of State generally precludes this court's consideration of it).

We turn now to petitioner's primary argument, that the caption and "yes" vote result statement are misleading. ORS 250.035(2)(a) requires that the caption of a ballot title

---

[2] Upon referral, the Attorney General, nevertheless, may choose to consider petitioner's concern. *See Carley / Towers v. Myers*, 340 Or 222, 230 n 4, 132 P3d 651 (2006) (suggesting same).

contain a statement of not more than 15 words "that reasonably identifies the subject matter of the state measure." The caption is the "cornerstone for the other portions of the ballot title" and must identify the proposed measure's subject matter in terms that will not "confuse or mislead potential petition signers and voters." *Mabon v. Myers*, 332 Or 633, 637, 33 P3d 988 (2001). Additionally, the caption must not "understate or overstate the scope of the legal changes that the proposed measure would enact." *Kain/Waller v. Myers*, 337 Or 36, 40, 93 P3d 62 (2004).

As set out above, the caption provides:

"ELIMINATES POST-ELECTION CHALLENGES TO INITIATIVE'S LAWFUL PLACEMENT ON BALLOT; PROVIDES DIRECT, EXPEDITED SUPREME COURT REVIEW"

Petitioner argues that the phrase "lawful placement on ballot" is misleading because, "under the [proposed measure], no post-election challenge could be brought for an initiative that is either properly (meaning legally) or improperly (meaning illegally) placed on the ballot." We agree. The proposed measure purports to prohibit a certain class of "procedural" challenges that are not filed within "60 days after the date the Secretary of State approve[s] the petition for circulation." Thus, the practical effect of the proposed measure would be to prohibit any of those kinds of challenges from being brought after an election, whether or not the initiative being challenged was "lawfully" or "unlawfully" placed on the ballot. Under the proposed measure, whether a challenge is prohibited or not depends upon the type of claim raised in the challenge and its timing. Addition of the phrase "lawful placement on ballot" therefore is inaccurate in that it suggests a distinction that does not exist and could "confuse or mislead potential petition signers and voters." *Mabon*, 332 Or at 637. It follows that the caption does not "reasonably identif[y] the subject matter" of the proposed measure as required under ORS 250.035(2)(a).

ORS 250.035(2)(b) requires that a "yes" vote result statement describe, in "simple and understandable" terms, the "result" if the measure is approved. The Attorney General's "yes" vote result statement, like the Attorney General's

caption, uses the phrase "lawful placement on ballot" and therefore suffers from the same defect that we identified respecting the caption. Consequently, the "yes" vote result statement does not describe accurately the "result" if the proposed measure is adopted and fails to meet the requirements of ORS 250.035(2)(b).

In conclusion, we hold that the caption and the "yes" vote result statement of the Attorney General's certified ballot title do not substantially comply with the requirements set out in ORS 250.035(2)(a) and (b). The ballot title is referred to the Attorney General for modification. *See* ORS 250.085(8) (authorizing that disposition).

Ballot title referred to Attorney General for modification.

## APPENDIX

Be It Enacted by the People of the State of Oregon:
The following section shall be added to and made part of the Oregon Revised Statutes:

Section 1.  Timing of procedural challenges to initiatives. It is the purpose of this 2008 Act to insure that legal challenges, which might nullify the legitimate petition signatures or votes of Oregon voters, not be filed or decided after the fact, but be brought only at the beginning of the process.

(a)  A lawsuit or other legal challenge claiming that an initiative petition or ballot measure violates any of the procedural requirements of the Oregon Constitution may not be filed later than 60 days after the date the Secretary of State approved the petition for circulation.

(b)  For purposes of this section, "procedural requirements" shall include but not be limited to the single subject requirement, the separate vote requirement, the full text requirement, and the requirement that only the State Legislative Assembly may propose a revision of the Oregon Constitution.

(c)  A lawsuit or other legal challenge subject to this section shall be filed directly with the Oregon Supreme Court and decided expeditiously so as to minimize any wasted signature collection efforts. However, the filing of a legal challenge under this section shall not delay approval of the petition for circulation.

(d)  If 90 days after the filing of a legal challenge under this section, the Court has not decided that an initiative petition violates one or more of the procedural requirements of the Oregon Constitution, the initiative petition shall be deemed to have complied with those requirements and no further review shall be made.

(e)  A challenge regarding the sufficiency or accuracy of all or part of a measure's ballot title, ballot description, or official explanatory statement shall not be grounds for:

(i)  voiding signatures collected on the initiative petition,

    (ii)   delaying or not canvassing the votes cast for or against the measure, or

    (iii)  nullifying the passage of the measure.

(f)   This 2008 Act supersedes any pre-existing statute or rule conflicting herewith. If any phrase, clause or part of this Act is invalidated by a court of competent jurisdiction, the remaining phrases, clauses and parts shall remain in full force and effect.